# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Jessica Mueller<br>1705 Mar Dr.<br>McHenry, IL 60051<br><br>  Plaintiff,<br><br>v.<br><br>First Revenue Assurance, LLC<br>c/o CT Corporation System, Registered Agent<br>208 S LaSalle St, Suite 814<br>Chicago, IL 60604<br><br>  Defendant. | Case No.:<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Prior to June 5, 2009, Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around June 5, 2009, Plaintiff filed a voluntary petition for a Chapter 7 bankruptcy.

8. On or around July 14, 2009, Defendant sent Plaintiff a collection notice in an effort to collect the debt.

9. Plaintiff received the collection notice on or around July 20, 2009

10. On or around July 20, 2009, Plaintiff telephoned Defendant in response to the collection notice.

11. During this communication, Plaintiff notified Defendant that Plaintiff had filed bankruptcy.

12. On or around July 25, 2009, Plaintiff sent Defendant a facsimile transmittal with further notice of Plaintiff's bankruptcy filing.

13. Despite having knowledge of Plaintiff's bankruptcy, Defendant telephoned Plaintiff on or around July 28, 2009.

14. During this communication, Defendant spoke to Plaintiff in a harassing, oppressive, and abusive manner.

15. During this communication, Defendant repeatedly interrupted Plaintiff whenever Plaintiff attempted to speak.

16. During this communication, Defendant falsely represented that Plaintiff's bankruptcy did not prevent Defendant from collecting the debt.

17. During this communication, Defendant refused to call Plaintiff's bankruptcy attorney because Defendant "did not have time".

18. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

19. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692c in that it communicated with Plaintiff notwithstanding Plaintiff's notice that Plaintiff was represented by an attorney.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692d in that Defendant used obscene and/or abusive language during its communications in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## JURY DEMAND

28. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

29. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/Timothy J. Sostrin
    Timothy J. Sostrin
    Bar ID # 6290807
    233 S. Wacker
    Sears Tower, Suite 5150
    Chicago, IL 60606
    Telephone: 866-339-1156
    Email: tjs@legalhelpers.com
    Attorneys for Plaintiff